

FILED & ENTERED

NOV 19 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Duarte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 8:10-bk-20034-ES |
| Patricia Kreider, | Chapter: 7 |
| | **AMENDED BLANKET ORDER DEEMING AUTOMATIC STAY LIFTED AS TO ANY AND ALL INTERESTS IN REAL PROPERTY TRANSFERRED, DEEDED OR OTHERWISE CONVEYED TO DEBTOR PATRICIA KREIDER ON OR AFTER JULY 21, 2010 THROUGH AND INCLUDING THE CLOSING OF THIS CASE; AND ORDER CLOSING CASE** |
| Debtor(s). | |

It appearing that

1.  This bankruptcy case was commenced on July 21, 2010 ("Petition Date") by

    Patricia Kreider ("Debtor");

2.  The case was originally commenced under Chapter 13, but was converted to one

    under chapter 7 on August 30, 2010;

3.  At the time of the filing of the case, Debtor did not list an ownership interest in

    any real property in Schedule A;

4.  Within the seven months prior to the Petition Date, fractional interests in at least

    seven distressed real properties were transferred to Debtor for no consideration

    ("Prepetition Transfers"), resulting in the filing of at least seven motions for relief

from the automatic stay in this case [see Docket #s 16, 29, 35, 39, 42, 44, and 54];

5. Since the Petition Date, fractional interests in at least four additional distressed real properties have been transferred to Debtor for no consideration ("Postpetition Transfers"), resulting in the filing of at least four additional motions for relief from the automatic stay [see Docket #s 44, 55, 56, and 58];

6. The Prepetition Transfers and the Postpetition Transfers were made for the improper and bad faith purpose of avoiding the foreclosure of distressed real property; and

7. The Prepetition Transfers and the Postpetition Transfers constitute a flagrant abuse of the bankruptcy process, it is hereby

ORDERED that, pursuant to 11 U.S.C. § 105(a), the automatic stay provisions of § 362(a) imposed by the filing of this case are deemed lifted for all purposes as to any interest in real property transferred, deeded, or otherwise conveyed to Debtor prior to and subsequent to the Petition Date, through the date of entry of this order closing the case; and it is further

ORDERED that this case is CLOSED, and it is further

ORDERED that this court shall retain jurisdiction to hear any motion for relief from the automatic stay filed prior to the entry of this order and to issue any appropriate order related thereto.  Once the case is closed, no stay will be in effect by operation of law.  11 U.S.C. § 362(c).

DATED: November 19, 2010

_Erithe A. Smith_
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **BLANKET ORDER DEEMING AUTOMATIC STAY LIFTED AS TO ANY AND ALL INTERESTS IN REAL PROPERTY TRANSFERRED, DEEDED OR OTHERWISE CONVEYED TO DEBTOR PATRICIA KREIDER ON OR AFTER July 21, 2010 THROUGH AND INCLUDING THE CLOSING OF THIS CASE; AND ORDER CLOSING CASE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below.

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>November 15, 2011</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Mark Domeyer    mdomeyer@mileslegal.com
Lemuel B Jaquez    bjaquez@mileslegal.com
Joe M Lozano    notice@NBSDefaultServices.com
David F Makkabi    cmartin@pprlaw.net, dmakkabi@pralc.com
Arturo E Matthews    aem@burnett-matthews.com
Christopher M McDermott    ecfcacb@piteduncan.com
Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
Nathan F Smith    nathan@mclaw.org
Eric J Testan    ecfcacb@piteduncan.com
Brian H Tran    btran@mileslegal.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com
Catherine T Vinh    ecfcacb@piteduncan.com
Edward T Weber    eweber@rcolegal.com, bknotice@rcolegal.com
Alan Steven Wolf    wdk@wolffirm.com
Jennifer C Wong    bknotice@mccarthyholthus.com
Les A Zieve    bankruptcy@zievelaw.com
Kristin A Zilberstein    bknotice@mccarthyholthus.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Patricia Kreider
6506 E Via Corral
Anaheim, CA 92807

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page